# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONNELLY SMITH,

    Petitioner,

v.                                                                         Case No. 08-C-531

VARNISHA S. BOWEN, et al.,

    Respondents.

## **DECISION AND ORDER**

    The petitioner, Donnelly Smith, filed a petition for writ of habeas corpus with this court on June 23, 2008, alleging (1) judicial bias and denial of his constitutional rights to (2) self-representation, (3) confrontation, and (4) compulsory process.[1] On September 23, 2011, this court denied the petitioner's petition on all grounds, and also denied the petitioner a certificate of appealability. Judgment was entered accordingly on September 26, 2011.

    On October 6, 2011, the petitioner filed a pro se motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The next day, on October 7, 2011, the petitioner filed a notice of appeal, motion for leave to proceed in forma pauperis on appeal, and a request for a certificate of appealability. By letter dated October 12, 2011, the respondents notified the court that it opposed the petitioner's motion to alter or amend judgment, but that they would not file a formal response unless requested by the court.

---

[1] The petitioner also claimed that the state court unreasonably failed to address "several of [his] issues or their response," and retroactively applied Supreme Court case law to his case. United States District Judge Charles N. Clevert rejected these grounds for relief upon screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Rule 59(e) motions allow the district court to correct legal errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings. Charles v. Daley, 799 F.2d 343, 348 (7th Cir.1986). The rule does not, however, allow "a party to undo its own procedural failures" or "introduce new evidence or advance new arguments that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (citing LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 [7th Cir. 1995]). To prevail on a motion for reconsideration under Rule 59, the movant must present either newly-discovered evidence or establish a manifest error of law or fact. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 [N.D. Ill. 1997]).

The petitioner asserts that this court's September 23, 2011, decision and order "was contrary to the facts" and either ignored or misinterpreted portions of the record. (Petitioner's Motion to Alter or Amend Judgment [Petitioner's Motion] at 1.) The petitioner begins by challenging this court's finding that standby counsel's motion for a continuance to subpoena witnesses did not violate the petitioner's right to self-representation because the petitioner maintained actual control of his defense. The petitioner asserts that this finding was erroneous because "the court record reveals that standby counsel asked for and got a continuance to subpoena expert witnesses, despite the fact that petitioner had informed him that he would not ask for a continuance to subpoena the state witnesses [because he] believed that it was the states (sic) burden to prove an injury in a substantial battery case." (Petitioner's Motion at 1.) The petitioner further contends that his intention not to ask for a continuance was "a significant

tactical decision" and that his participation at trial should have had no bearing on this court's decision to deny habeas relief. The petitioner's arguments are largely repetitive of those made in his petition for habeas relief. The petitioner has not presented any newly-discovered evidence or established a manifest error of law of fact on this claim. Therefore, the petitioner's motion to reconsider his self-representation claim will be denied.

With regard to his confrontation rights claim, the petitioner initially asserts, without explanation, that the court's reliance on Crawford v. Washington, 541 U.S. 36 (2004) and Davis v. Washington, 547 U.S. 813 (2006) was improper because neither is applicable to his case. However, as this court explained in its decision, the state's application of these cases to the petitioner's case did not violate the retroactivity rule established in Teague v. Lane, 489 U.S. 288 (1983), because each opinion was issued before the petitioner's judgment became final, and because Teague entitles the state, not the petitioner, to object to the application of a new rule to an old case. Free v. Peters, 12 F.3d 700, 703 (7th Cir. 1993) (citing Lockhart v. Fretwell, 506 U.S. 364 [1993]).

The petitioner also maintains that "[c]onfrontation encompasses more than just a witnesses (sic) statements, it also involves an opportunity to question a witness regarding relevant facts such as medical history. (Petitioner's Motion at 3.) According to the petitioner, the recent nature of the victim's alleged injury was contested and crucial to proving a substantial battery case. Therefore, the petitioner asserts that the prosecution's failure to make a good faith effort to produce the victim as a witness at trial "'completely' deprived him of material evidence so favorable to his defense as to 'necessarily' prevent him from having a fair trial." Id. (citing United States v. Manske, 186 F.3d 770, 778-79 [7th Cir. 1999]).

In his petition and accompanying brief, the petitioner did not argue that his inability to cross examine the victim about her medical history violated his confrontation rights. Rather, the

petitioner appeared to argue in his petition for habeas relief that his confrontation rights were violated because the victim stated at sentencing "that she would provide verification that the charged injuries were preexisting," and because the victim's sworn affidavit declaring the petitioner's innocence was ignored by the trial court. (Petition for Writ of Habeas Corpus at 7.) The petitioner did not refer to the victim's medical records or his inability to cross examine her about the recent nature of her injury.

Similarly, his brief in support of his petition alleges only that his guilty verdict was based, in part, on "illegally admitted medical records," and that the trial court ignored the victim's sworn affidavit that the petitioner was innocent. Again, the petitioner did not argue that his inability to cross examine the victim on these matters deprived him of his confrontation rights. Instead, his confrontation rights discussion focused on the prosecution's use of hearsay witnesses, the prosecution's failure to subpoena the victim, and the state court's harmless error analysis, all of which the court addressed in its September 23, 2011, decision and order. The petitioner has presented no newly-discovered facts or established that this court committed a manifest error of law. Instead, he advances new arguments that could have and should have been presented to this court prior to the judgment. See Moro, 91 F.3d at 876. Therefore, the court will not consider it at this time.

The petitioner also challenges the court's finding that the petitioner defaulted his compulsory process claim by failing to fairly present such claim to the state courts. He states that this court's "determination [was] contrary to clearly established United States Supreme Court precedent." (Petitioner's Motion at 5.) The petitioner asserts that this court placed unreasonable procedural burdens upon him by basing its decision, in part, on the fact that his petition did not provide citation to Supreme Court precedent or engage in constitutional analysis with regard to his compulsory process claims. It is his contention that he fairly presented his

claim to the Wisconsin Supreme Court by mentioning the compulsory process clause in his petition for discretionary review.

The petitioner correctly states that he mentioned the compulsory process clause in his petition for review. However, mentioning a particular constitutional clause once in a heading and once in an argument related to the violation of state statutes, without more, is not sufficient to fairly present a constitutional claim. In addition to referencing a federal constitutional guarantee, the petitioner must include a statement of the operative facts entitling him to relief. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). As the court discussed in its decision, the petitioner failed to cite any case law, frame the claim in terms particular enough to call to mind compulsory process rights, or present a pattern of facts well within the mainstream of constitutional litigation. The only facts set forth with regard to the compulsory process claim were allegations that the prosecution presented illegally obtained medical records to the jury and that the petitioner did not have access to earlier medical records because the victim did not authorize their release. These facts, as presented, do not give rise to a compulsory process claim. Therefore, this court's finding that the petitioner procedurally defaulted his compulsory process claim was not a manifest error of law.

Finally, the petitioner challenges this court's finding that the state's failure to subpoena the victim did not violate his compulsory process rights. The petitioner asserts that a compulsory process claim and a confrontation violation cannot be separated because the two rights are "opposite sides of the same coin and together . . . grant defendants a constitutional right to present evidence." (Petitioner's Motion at 4, [citing Chambers v. Mississippi, 410 U.S. 284, 294-95 (1973)]). Indeed, the confrontation clause and compulsory process clause together secure a defendant's right to present evidence. The confrontation clause allows the defendant to confront adverse witnesses, while the compulsory process clause allows defendants to call

- 5 -

favorable witnesses. Compulsory process operates "exclusively at the defendant's initiative and provides him with affirmative aid in presenting his defense." Taylor v. Illinois, 484 U.S. 400, 654 n.14 (1988).

The petitioner contends that this court's assertions that the petitioner could have subpoenaed the victim himself is contrary to the Court's statement in Melendez-Diaz v. Massachusetts, __ U.S.__, 129 S. Ct. 2527, 2540 (2009), that "[c]onverting the prosecution's duty under the Confrontation Clause into the defendant's privilege under . . . the Compulsory Process Clause shifts the consequences of adverse-witness no-show from the State to the accused." The petitioner takes this statement out of context. In Melendez-Diaz, the respondents had introduced documents containing testimonial statements at trial, in violation of the petitioner's confrontation rights. On appeal, the respondent argued that there was no confrontation violation because the petitioner could have subpoenaed the analysts.

Unlike the respondent's argument in Melendez-Diaz, in this case, the state argued that the victim's statements to police were nontestimonial, and as such, did not violate the petitioner's confrontation rights. In other words, the state did not attempt to shift its burden of subpoenaing the victim to the petitioner. The petitioner asserted that he was denied his compulsory process rights, but, as previously explained, compulsory process grants defendants the right to subpoena favorable witnesses. Here, the state chose not to call the victim as a witness. If the petitioner wanted to call the witness to testify in his favor, this right to compulsory process allowed him to do so. The petitioner has not introduced any evidence indicating that he was denied this right. It is in this context that this court's statements about the petitioner's ability to subpoena the victim were made. Therefore, Melendez-Diaz does not apply.

In sum, the petitioner's motion presents no newly-discovered evidence and merely reargues the habeas claims that have already been reviewed or asserts new arguments that

could have been raised in his petition for habeas relief. Therefore, the petitioner's motion to alter or amend the judgment under Rule 59(e) will be denied.

The court now will address the petitioner's appeal-related motions, beginning with his request for a certificate of appealability. A certificate of appealability may "only issue if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, and n. 4). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The court denied the petitioner a certificate of appealability in its September 23, 2011, decision and order. Subsequently, the petitioner filed a request seeking a certificate of appealability on five grounds: (1) Sixth Amendment self-representation violation, (2) Sixth Amendment confrontation clause violation, (3) Sixth Amendment compulsory process clause violation, (4) judicial bias, and (5) prosecutorial misconduct. As to grounds one through three, the petitioner's request repeats the arguments he presented in his Rule 59(e) motion, which the court denies. As to his fourth and fifth grounds, the petitioner summarizes the arguments he

made in his petition for habeas relief.[2] Reasonable jurists would not find the court's decision to deny the petition on procedural or substantive grounds debatable or wrong. Thus, the court will deny a certificate of appealability as to all of the petitioner's claims.

Regarding the petitioner's motion to proceed in forma pauperis on appeal, a party seeking to proceed in forma pauperis on appeal must file the following documents along with his motion: (1) an affidavit demonstrating that he is unable to pay the filing fee; (2) a claim that he is entitled to redress; and (3) a statement of the issues that he intends to present on appeal. Fed. R. App. P. 21(a)(1). A review of the record discloses that the petitioner filed a "Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs" when he first filed this case. However, given the lapse of time since that filing and the fact that the request was denied, the petitioner will need to complete another "Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs" (copy enclosed) and return it to the Clerk of Court for the Eastern District of Wisconsin. Such completed petition should be returned on or before November 22, 2011. Accordingly the court will defer a ruling on the petitioner's request for leave to appeal in forma pauperis.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's Rule 59(e) motion to alter or amend the district court's September 26, 2011, judgment be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the petitioner's request for a certificate of appealability on appeal be and hereby is **denied**.

---

[2] The petitioner's prosecutorial misconduct argument, which was presented in his petition for habeas relief as "the states failure to address several of his issues," was rejected upon Rule 4 screening on the grounds that it did not present a constitutional ground for relief, but rather presented an argument in support of the petition.

- 8 -

**IT IS ALSO ORDERED** that the petitioner shall complete the enclosed "Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs" form and return it to the Clerk of Court for the Eastern District of Wisconsin on or before **November 22, 2011**.

Dated at Milwaukee, Wisconsin this 27th day of October, 2011.

                                            BY THE COURT:

                                            /s Patricia J. Gorence
                                            Patricia J. Gorence
                                            United States Magistrate Judge